UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:                          )
                                )
David C. Johnson,               )      Case No. 12-81325C-13D
                                )
       Debtor.                  )
                                )

MEMORANDUM OPINION

The above-captioned case came before the court on March 14, 2013 for a hearing to determine whether the Debtor's proposed plan of reorganization should be confirmed.  Erik M. Harvey appeared on behalf of the Debtor, William E. Brewer represented Peggy Johnson, and Benjamin E. Lovell represented the Chapter 13 Trustee, Richard M. Hutson III.  Having considered the proposed plan, the objection filed by Johnson, the arguments presented by the attorneys and the matters of record in this case, the court makes the following findings and conclusions.

FACTS

At issue is whether either of the Debtor's daughters are members of his household.  Peggy Johnson, the Debtor's ex-spouse, objected to the Plan on several grounds, including that the Debtor impermissibly included their two daughters in his household.  The Debtor included five people in his household on line 16 of the Form B22C: himself, his current spouse, his step-son, and his two daughters, ages 18 and 21.  The Debtor testified that both daughters live outside the family home.  His older daughter is a senior in college and works part-time.  The income from her part-

time job covers her rent and utilities in an apartment she shares with roommates, and her food expenses. Scholarships cover the older daughter's college tuition. The Debtor's younger daughter is a freshman in college and lives in a dormitory on campus. Her housing, food, and tuition expenses are covered by scholarships. The Debtor testified that his younger daughter spends about twenty nights every six months in his home. The Debtor pays for both daughters' medical and life insurance, out-of-pocket medical expenses, cell phones, automobile insurance, and auto repairs. He occasionally buys gas and groceries for the younger daughter. Consistent with this testimony, line 15 of Schedule J, "Payments for support of additional dependents not living at your home," includes a $300 monthly expenditure. The Debtor testified that the $700 monthly transportation expense listed on Schedule J reflected some of the money he provides to his younger daughter for gas.

ANALYSIS

The issue before the court is whether the Debtor has a household of three, four, or five people. Courts have generally taken three approaches to determining a debtor's household size. The "heads on beds" approach uses the Census Bureau definition of household, and includes any individuals occupying the debtor's housing unit. Alternatively, the IRS tax dependent approach limits household size to only those individuals who the debtor may claim as a dependent on his tax returns. Finally, the "economic unit"

approach assesses the number of individuals in the household that act as a single economic unit by including those who are financially dependent on the debtor, those who financially support the debtor, and those whose income and expenses are inter-mingled with the debtor's.  In re Morrison, 443 B.R. 378, 386 (Bankr. M.D.N.C. 2011).  In applying the economic unit test, courts weigh a number of factors, including, but not limited to:

1)   the degree of financial support provided to the individual by the debtor;
2)   the degree of financial support provided to the debtor by the individual;
3)   the extent to which the individual and the debtor share income and expenses;
4)   the extent to which there is joint ownership of property;
5)   the extent to which there are joint liabilities;
6)   the extent to which assets owned by the debtor or the individual are shared, regardless of title; and
7)   any other type of financial intermingling or interdependency between the debtor and the individual.

Morrison, 443 B.R. at 388.  The court, consistent with the Fourth Circuit's opinion in Johnson v. Zimmer, 686 F.3d 224 (4th Cir. 2012), adopts the economic unit approach in order to determine the number of people in a debtor's household.  Under this approach, the court concludes that the Debtor's household includes four individuals.  Although the Debtor's younger daughter should be considered part of the Debtor's household under the economic unit approach, his older daughter should not.

- 3 -

The facts of In re Reinsch, Slip Copy, 2013 WL 256734 (Bankr. D. Neb. Jan 23, 2013) are similar to those before the court. In Reinsch, the debtor testified that her daughter, who was also a full time college student, returned home during school breaks and on some weekends and that the debtor provided substantial financial support to her, including college expenses, food, clothing, car insurance, and a cellular phone. Id. at *3. The court concluded that the child was a part of the household economic unit under the test laid out in Morrison, notwithstanding that the child lived outside of the home. Id. Although the facts before the court differ from Reinsch insofar as the Debtor does not pay his daughters' college expenses, this fact is not determinative under the economic unit approach. The Debtor testified that he provides a high degree of financial support for his youngest daughter, who is a full time student and who does not work. The youngest daughter is dependent on the Debtor's support for many essential expenses, including insurance, out-of-pocket medical costs, transportation expenses, and cellular phone expenses. The Debtor's younger daughter requires bed and board in the family home several nights every month. When she stays with the Debtor, he provides food and sometimes buys groceries for her. Indeed, it not clear that the Debtor would spend substantially less money on his younger daughter even if she lived at home. Although there is no evidence of any joint liabilities, joint ownership of property, or financial

support provided by the younger daughter to the Debtor, the economic unit approach tilts in favor of including the Debtor's younger daughter in the household.

Conversely, the Debtor's older daughter is not a member of his household under the economic unit test. The Debtor testified that his older daughter works part-time and lives in an apartment she shares with friends. The older daughter never resides with the Debtor in the family home. Although the Debtor testified that he pays for his older daughter's car repairs, out-of-pocket medical expenses, cell phone, and insurance, the evidence does not show that she is dependent on the Debtor's financial support. Unlike the younger daughter or the college-age child in Reinsch, the older daughter has an independent source of income and her own residence. The older daughter does not contribute any of her income to the Debtor's household. These facts do not suggest that the older daughter is financially dependent on the Debtor, nor do they demonstrate that she financially supports the debtor, or that her income and expenses are inter-mingled with the Debtor's. Therefore, the court concludes that the older daughter is not a part of the Debtor's household.

CONCLUSION

11 U.S.C. § 1325 requires that the Debtor commit all disposable monthly income to his plan payments. By including the older daughter in his household, the Debtor's proposed plan

- 5 -

includes an artificially high calculation of the debtor's "amounts reasonably necessary to be expended" each month, and thus results in an incorrect determination of the debtor's disposable income and ability to pay creditors.  Accordingly, Peggy Johnson's objection to confirmation of the plan shall be sustained.  Having concluded that the Debtor's plan cannot be confirmed because it includes a monthly payment predicated on an incorrect household size, the court need not address the other arguments raised in the objection.

This 2nd day of April, 2013.

WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST


Erik M. Harvey, Esq.
2200 Silas Creek Parkway
Suite 3A
Winston Salem, NC 27103

William E. Brewer, Jr., Esq.
311 East Edenton Street
Raleigh, NC 27601

Richard M. Hutson, II